## DOTTERER *v.* DOTTERER

[No. 47, October Term, 1950.]

*Decided December 7, 1950.*

502

The cause was argued before MARBURY, C .J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*J. Francis Ford,* with whom was *Joseph H. A. Rogan* on the brief, for the appellant.

*Herbert L. Grymes,* with whom was *Claude A. Haney* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a decree in a divorce case dismissing the husband's cross-bill charging desertion and awarding a counsel fee of $400 to the wife. There is no appeal from the dismissal of the wife's original bill charging desertion.

The parties were married in 1941 and are now over fifty years of age, without children. Each of them had been previously married and divorced. The husband claims that the wife deserted him on September 29, 1949 when she moved from their apartment on Loch Raven Boulevard to Philadelphia with part of the furniture and obtained employment there. She claims that he forced her to move by refusing to provide for her and telling her he was through with her. He admits that he gave her only $10 in the three or four weeks before the separation, and did not come home for meals. He also admits sending her to a lawyer of his own selection to discuss a divorce, and paying the moving bill after they had divided the furniture. She started these proceedings after she lost her job in Philadelphia.

The initial rift seems to have occurred several years before when he came home late for dinner and she slapped him. She claims he was intoxicated on this and

other occasions. In any event the relations of the parties seem to have grown progressively worse. In the summer of 1949 he had reverses in his stockbroking business, but she insisted on going to Surf City, New Jersey, where they had spent the previous summer. He wanted her to stay in Baltimore and obtain work there, but ended by giving her $50 for the trip. She obtained employment there and supported herself until she returned after Labor Day. It was admitted that they had occupied separate rooms and had had no marital relations for more than a year prior to the final separation. There appear to have been no marked efforts at reconciliation on either side.

The chancellor saw and heard the witnesses. He found that neither party had legal grounds for the separation, but that the husband, if not the prime mover, fully acquiesced in the final as well as the earlier separation. Cf. *Antrim v. Antrim*, 169 Md. 418, 428, 181 A. 741, and *Kershaw v. Kershaw*, 195 Md. 307, 73 A. (2) 223. We think his findings are supported by the evidence. Nor do we think the counsel fee allowed was excessive. The husband's gross income in 1948 was $12,000, in 1949, about $6,000 against which he claimed a capital loss. At the time of the trial he was drawing $250 a month, but his earnings for the current year could not be determined until the end of the year. We find no abuse of discretion under the circumstances. Cf. *Ashman v. Ashman*, 194 Md. 565, 572, 72 A. (2) 250, 253.

*Decree affirmed, with costs.*